IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES W. CORNELL, | ) |
| Plaintiff, | ) Civil Action No.: 4:CV-05-0262 |
| v. | ) |
| SEVERN TRENT ENVIRONMENTAL SERVICES, INC. D/B/A SEVERN TRENT PIPELINE SERVICES | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

AND NOW, comes the Plaintiff, James W. Cornell ("Plaintiff"), by and through his attorneys, Amy H. Marshall, Esquire and Babst, Calland, Clements, and Zomnir, P.C., and files this Complaint against Severn Trent Environmental Services, Inc d/b/a Severn Trent Pipeline Services ("Defendant") and in support thereof avers as follows:

### JURISIDCTION

1. This Court has jurisdiction over this Action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b) and/or 626(c), and 28 U.S.C. §§ 1331 and 1337 to enforce the provisions of the ADEA, as amended 29 U.S.C. § 621 et. seq., and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e-5(f)(3). This Court has jurisdiction over Plaintiff's Americans with Disabilities Act (ADA) claim, 42 U.S.C. § 12101 et. seq., under the ADA, 42 U.S.C. § 12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. This court has pendent jurisdiction over Plaintiff's Pennsylvania Human Relations Act (PHRA) claim, 43 Pa. C.S. § 951 et. seq.

2. This Court can exercise personal jurisdiction over Defendant because, among other things, Defendant continuously and systematically conducts business in the Commonwealth of Pennsylvania, Defendant employed Plaintiff in the Middle District of Pennsylvania, and Defendant terminated Plaintiff in the Middle District of Pennsylvania.

## VENUE

3. Venue is proper in this Judicial District because the unlawful employment practices alleged in the Complaint were committed within the Middle District of the Pennsylvania, Defendant regularly conducts business in the Middle District of Pennsylvania, Plaintiff would be employed in the Middle District of Pennsylvania but for the unlawful employment practice, and Defendants employ numerous individuals in the Middle District of Pennsylvania. Accordingly, venue lies in the United States District Court for the Middle District of Pennsylvania under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1391(b) and 1391(c).

## PARTIES

4. Plaintiff is an adult individual born on February 8, 1942 who resides at 514 West 5th Street, Lewistown, Pennsylvania 17044. At the time of his termination, Plaintiff had undergone throat surgery and was on approved medical leave and temporarily unable to work. Plaintiff avers that he is an individual with a "disability" pursuant to the ADA under 42 U.S.C. § 12102(2).

5. Defendant is a provider of specialized water distribution and sewer collection system analysis, pipeline and structure rehabilitation and line stopping equipment and services. Defendant is a Delaware Corporation with its with its principal place of business at 3605 Hartzdale Drive, Camp Hill, Pennsylvania 17011.

6. At all times relevant hereto, Defendant was Plaintiff's employer, and was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), and the ADEA, 29 U.S.C. § 630(b). At all times relevant hereto, Defendant was engaged in an industry affecting commerce within the meaning of Section 11(h) of the ADEA, 29 U.S.C. § 630(h). Defendant is also an employer in an industry affecting commerce within the meaning of the ADA pursuant to 42 U.S.C. § 12111(5) and § 12111(7).

7. Defendant has employed more than twenty (20) regular employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Defendant is an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b), and within the meaning of the ADA, 42 U.S.C. § 12111(5)(a).

8. Defendant employed more than four (4) regular employees in Pennsylvania on the date of Plaintiff's termination. Defendant is an "employer" under the PHRA, 43 Pa.C.S. § 954(b).

## ADMINISTRATIVE PROCEEDINGS

9. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and specifically:

   a. Plaintiff cross-filed timely written charges alleging age and disability discrimination with the Pennsylvania Human Relations Commission (PHRC) and the United States Equal Employment Opportunity Commission (EEOC);

      b.      Plaintiff received a Notice of Right to Sue letter from the EEOC on December 15, 2004 and a "one-year" right to sue letter from the PHRC on July 22. 2004;

      c.      Plaintiff filed this Complaint within 90 days of receipt of the Notice of Right to Sue from the EEOC and within two-years of the Plaintiff's receipt of the one-year letter from the PHRC.

## FACTUAL BACKGROUND

10.    In or around 1984, Plaintiff commenced employment with ADS Corporation ("ADS").

11.    Upon information and belief, Defendant purchased all or substantially all of ADS' assets in or around early 2002. At this time, Plaintiff became an employee of Defendant.

12.    Plaintiff's initial job with Defendant was the position of Superintendent. In late 2002, Defendant promoted Plaintiff to the position of Project Manager. Plaintiff's duties as Project Manager included, but were not limited to, supervising field personnel and overall management of specific projects for Defendant.

13.    Upon information and belief, Plaintiff performed his duties as a Superintendent and Project Manager in an exemplary manner for Defendant during the entirety of his employment with Defendant. Defendant did not raise performance related issues with Plaintiff at any time during his employment with Defendant.

14.    In or around March 2003, Plaintiff was diagnosed with throat cancer. Plaintiff worked for Defendant through approximately March 18, 2003.

15.    On March 19, 2003, Plaintiff underwent surgery for throat cancer.

16. Beginning in March 2003, Plaintiff commenced approved medical leave. During this period, Plaintiff received benefits through Defendant's disability program. Plaintiff continued on approved medical leave until he was terminated on or about August 18, 2003.

17. On August 18, 2003, Defendant, through Human Resources Director Jeff Smith and Director of Operations Mike Nazzaro, telephoned Plaintiff at his home and informed him that his position was being eliminated. Plaintiff was sixty-one (61) years old at the time of his unlawful termination. At the time of his termination, Plaintiff was on approved medical leave.

18. Upon information and belief, Defendant did not intend to eliminate Plaintiff's position as Project Manager. Instead, Defendant intended to eliminate Plaintiff's former position of Superintendent.

19. Upon information and belief, Defendant replaced Plaintiff in the Project Manager position with a substantially younger employee in his mid-forties.

20. Upon information and belief, Defendant terminated Plaintiff's employment on the basis of his age and his medical condition. Defendant cannot set forth a legitimate non-discriminatory reason supporting its decision to terminate Plaintiff's employment.

21. Defendant's proffered reasons for Plaintiff's termination are pretextual.

### COUNT I - AGE DISCRIMINATION

22. Plaintiff incorporates by reference the averments of Paragraphs 1 through 21 of the Complaint as if the same were set forth in full.

23. Plaintiff was sixty-one (61) years old at the time of his termination.

24. Plaintiff was qualified for the position of Project Manager.

25. Defendant retained younger, similarly situated employees with less experience and training than Plaintiff and Defendant assigned work previously performed by Plaintiff to younger employees.

26. Upon information and belief, Defendant terminated Plaintiff on the basis of his age.

27. Defendant's conduct was performed with malice, and/or reckless indifference to Plaintiff's federally protected rights.

28. As a direct and proximate result of the above mentioned employment practices, Plaintiff was deprived of his job and has lost income in the form of back and front pay, bonuses, back and front fringe benefits, use of a company car, retirement contributions, medical and life insurance, lost future job opportunities, future substantial pecuniary losses, nonpecuniary losses, and he has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience, and mental anguish, for which Plaintiff seeks damages under the ADEA.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to the ADEA, and damages in an amount that this Court and a jury deem fair and reasonable including but not limited to, front pay, back pay from the date of the wrongful acts, injunctive relief enjoining Defendant from engaging in any further prohibited discrimination against Plaintiff on the basis of his age and retaliating against him based on his previous complaints, equitable relief, compensatory damages, punitive damages, liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys fees, including litigation expenses, and the costs in this action.

## COUNT II - DISABILITY DISCRIMINATION

29. Plaintiff incorporates by reference the averments of Paragraphs 1 through 28 of the Complaint as if the same were set forth in full.

30. In or around March 2003, Plaintiff was diagnosed with throat cancer. Subsequent to the diagnosis, on March 19, 2003, Plaintiff underwent surgery for throat cancer.

31. Plaintiff is an individual with a "disability" within the meaning of 42 U.S.C. § 12102(2). Specifically, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such impairment, and/or is regarded by Defendant has having such an impairment.

32. Plaintiff is, and was, a "qualified individual" as that term is defined in the ADA, 42 U.S.C. § 12111(8). Specifically, Plaintiff is an individual with a disability who, with or without a reasonable accommodation, could have performed his job duties.

33. Defendant refused to provide Plaintiff with a reasonable accommodation under the ADA that would enable Plaintiff to perform the essential functions of the position of Project Manager.

34. On or about August 18, 2003, Defendant terminated Plaintiff based on the perception that Plaintiff was unable to perform the duties of the position of Project Manager with Defendant due to his physical impairment.

35. The above described unlawful employment practices by Defendant, its agents, servants, and employees violate the ADA, 42 U.S.C. § 12112(b)(5)(A).

36. Defendant's actions were also performed with malice, and/or reckless indifference to Plaintiff's federally protected rights.

37. As a direct and proximate result of the above mentioned employment practices, Plaintiff was deprived of his job and has lost income in the form of back and front pay, bonuses,

back and front fringe benefits, use of a company car, retirement contributions, medical and life insurance, lost future job opportunities, future substantial pecuniary losses, nonpecuniary losses, and he has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience, and mental anguish, for which Plaintiff seeks damages under the ADA.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to the ADA and damages in an amount that this Court and a jury deem fair and reasonable, including but not limited to, front pay, back pay from the date of the wrongful actions, injunctive relief enjoining Defendant from engaging in any further prohibited discrimination against Plaintiff on the basis of his disability and retaliating against him based on previous complaints, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and reasonable attorney's fees, including litigation expenses and the costs in this action.

### COUNT III – PENNSYLVANIA HUMAN RELATIONS ACT VIOLATION

38. Plaintiff incorporates by reference the averments of Paragraphs 1 through 36 of the Complaint as if the same were set forth in full.

39. Plaintiff's age and disability put him in protected classes under the PHRA, 43 P.S. § 951, et. seq.

40. Defendant is an "employer" as that term is defined in the PHRA, 43 P.S. § 954(b).

41. The Defendant's acts as alleged herein violate the PHRA, § 5(a), 43 P.S. § 955(5)(a).

42. Defendants conduct as set forth above constitutes an intentional and willful violation of the PHRA.

43. As a direct and proximate result of the above mentioned employment practices, Plaintiff was deprived of his job and has lost income in the form of back and front pay, bonuses,

back and front fringe benefits, use of a company car, retirement contributions, medical and life insurance, lost future job opportunities, future substantial pecuniary losses, nonpecuniary losses, and he has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience, and mental anguish, for which Plaintiff seeks damages under the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to the PHRA and damages in an amount that this Court and a jury deem fair and reasonable, including but not limited to, front pay, back pay from the date of the wrongful actions, injunctive relief enjoining Defendant from engaging in any further prohibited discrimination against Plaintiff on the basis of his disability and age, and retaliating against him based on previous complaints, equitable relief, compensatory damages, punitive damages, damages for emotional distress and mental anguish, prejudgment interest, post-judgment interest, and reasonable attorney's fees, including litigation expenses and the costs in this action.

Respectfully submitted,

/s/ Amy H. Marshall
Amy H. Marshall
PA I.D. No. 74852
Matthew H. Smith
PA I.D. No. 84277

Babst, Calland, Clements and Zomnir, P.C.
101 Innovation Boulevard
Suite 206
State College, PA  16803
(814) 867-8055

Attorneys for Plaintiff James W. Cornell