IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. CORNELL | : | |
|     Plaintiff, | : | Case No. 4:05-cv-0262 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| SEVERN TRENT | : | |
| ENVIRONMENTAL SERVICES, | : | |
| INC. d/b/a SEVERN TRENT | : | |
| PIPELINE SERVICES | : | |
| | : | |
|     Defendant. | : | |

# MEMORANDUM AND ORDER

## August 24, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Currently pending before the Court is Defendant Severn Trent Environmental Services, Inc. d/b/a Severn Trent Pipeline Services' ("Severn Trent" or "Defendant") Motion for Summary Judgment on Liability filed on June 28, 2005. (Rec. Doc. 23)(the "Motion"). Plaintiff James W. Cornell ("Cornell" or "Plaintiff") has filed a timely response and the Motion is now ripe for disposition.

Federal question jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Motion will be granted and Plaintiff's complaint dismissed.

**STATEMENT OF MATERIAL FACTS:**

Plaintiff was first employed by ADS Corporation in or around 1984. In early 2002, Defendant purchased a portion of the assets ADS, and as a result Plaintiff then began his employment with the Defendant. On approximately March 18, 2003, Plaintiff advised Defendant that he had been diagnosed with throat cancer and that he was going to take a leave of absence from his employment. Defendant granted Plaintiff's leave request.

Subsequently, on August 18, 2003, Defendant terminated Plaintiff's employment. Defendant contends that it eliminated Plaintiff's position as Project Manager in its entirety, while Plaintiff counters that the position which was eliminated was actually Plaintiff's former position of Superintendent and that the job here at issue was filled by a younger worker. (Cmplt. ¶¶ 17-19; Def.'s St. Material Facts ¶ 7). On August 24, 2004, approximately one year after his termination, Plaintiff's physician wrote a letter releasing Plaintiff to return to work. Plaintiff claims that he specifically communicated his need for accommodations in order to allow him to return to work while he recovered from cancer-related surgery, and that he did so during his authorized leave.

In addition to receiving unpaid leave, Plaintiff applied for and received short and long term disability benefits. These benefits were at least in part paid for by

Defendant. The benefits continued until August 2004, when Cornell's physician, as noted, indicated that he was physically able to return to his employment. Subsequent to his August 2003 termination, Plaintiff filed a complaint on November 11, 2003 with the Pennsylvania Human Relations Commission ("PHRC") alleging age discrimination. According to the PHRC's findings of fact with respect to Cornell's complaint, the PHRC determined that "he could not perform the essential functions of the job with or without accommodation" (PHRC Findings of Fact ¶ 5.1; Rec. Doc. 14 Ex. C). Plaintiff also completed an application for Social Security Disability Insurance ("SSDI"), which was denied after the Social Security Administration ("SSA") determined that he was not disabled under the SSA regulations. (Pl.s' Counterstatement Material Facts ¶ 13).

Subsequent to the referenced proceedings before both SSA and the PHRC, Plaintiff initiated this action. His complaint consists of three counts, first alleging age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") codified at 29 U.S.C. § 621, et seq. (1967); second alleging disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), codified at 42 U.S.C. § 12101 , et seq. (1990); and, third alleging violations of the Pennsylvania Human Relations Act ("PHRA"), codified at 43 Pa. Cons. Stat. § 951, et seq.

**<u>STANDARD OF REVIEW</u>:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see</u> <u>also</u> <u>Turner v. Schering-Plough Corp.</u>, 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." <u>Young v. Quinlan</u>, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. <u>Peterson v. Lehigh Valley Dist. Council</u>, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. <u>Id.</u> at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme

Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true."  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material."  Id. at 248.  A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

**DISCUSSION**:

Defendant's Motion alleges that Plaintiff is estopped from bringing any of his discrimination claims due to his apparent admission during discovery that he was unable to perform "any job" at the time of the adverse employment action, which as noted was his August 2003 termination by Severn Trent.  Defendant further alleges that a prima facie element of each of Plaintiff's three claims is that he must have been physically able to perform his job at the time he was terminated, either with or without a reasonable accommodation.

It is undisputed that to succeed under any of the three counts brought forth by Plaintiff in his complaint, he must establish certain specific elements.  To establish a prima facie case of discrimination under the ADA, Plaintiff must establish that:

> (1) he is a disabled person within the meaning of the ADA; (2) **he is otherwise qualified to perform the essential functions of the job**, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

Williams v. Philadelphia Housing Auth. Police Dept., 380 F.3d 751, 761 (3d Cir. 2004)(internal citation omitted)(emphasis added).  Similarly, to establish a prima facie case of age discrimination under the ADEA, a plaintiff must establish that:  (1) he was over 40 at the time he applied for the position in question; (2) **he was qualified for the position in question**; (3) despite his qualifications, he was

rejected; and (4) the employer ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination. Narin v. Lower Merion School Dist., 206 F.3d 323, 331 (3d Cir. 2000) (citing Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995)). Finally, we are to evaluate Plaintiff's claims under the PHRA under the same legal standard as we apply to the ADA and the ADEA. See e.g. Gomez v. Allegheny Health Servs., Inc., 71 F.3d 1079, 1084 (3d Cir. 1995). Therefore, if Plaintiff's claims under both the ADEA and ADA fail, his PHRA claim must also necessarily fail.

It is apparent that for Plaintiff to be successful on any of the three counts within his complaint, he must be able to demonstrate that he was qualified for the position in question at the time of the adverse employment action. Clearly, if Plaintiff was totally disabled at the time he was terminated by Defendant, he was not qualified for his position. In the Third Circuit, to be qualified under the ADEA, an employee must be "physically capable of performing" the functions of his job. Detz v. Greiner Indus., 346 F.3d 109, 120 (3d Cir. 2003); Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 300 (3d Cir. 2004). It is important to note that while reasonable accommodations may make a worker qualified under the ADA, accommodations do not have the same effect for an ADEA claim. (Id.)

In an effort to establish whether Plaintiff was qualified to perform his job,

Defendant tendered to Plaintiff several requests for admissions pursuant to Federal Rule of Civil Procedure 36.  The following request is most relevant to our analysis:

> You [Plaintiff] were unable to work in **any job** from April 2003 through July, 2004.

(Requests for Admission ¶ 2; Rec. Doc. 17 Ex. A)(emphasis added).  Plaintiff unequivocally and simply responded "Admit."  <u>Id.</u>  Similarly, Plaintiff also admitted the following statement:

> Since March 2003, the first-time you were released by any healthcare provider to return to **any employment**, with or without restrictions, was in August 2004.

(<u>Id.</u> ¶ 1).  Plaintiff's answers to the requests for admissions now place him in the unenviable position of having to seek leave to present evidence to refute or contradict his case dispositive admissions.  Preliminarily, we will note that to allow what Plaintiff seeks to do would essentially render Rule 36 meaningless.

As previously noted, requests for admission are governed by Rule 36, which provides, in relevant part:

> (b) Effect of Admission.
>
> > **Any matter admitted under this rule is conclusively established** unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, **the court may permit withdrawal or amendment** when the presentation of the merits of the action will be subserved thereby and the party

> who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

Fed.R.Civ.P. 36(b)(emphasis added).  The Third Circuit has repeatedly held that parties are bound by their admissions under Rule 36.   See Langer v. Monarch Life Ins. Co., 966 F.2d 786 (3d Cir. 1992)(holding that a party was bound by factual admissions made under Rule 36); Sowell v. Butcher & Singer, Inc., 926 F.2d 289, 300 (3d Cir. 1991)(acknowledge that a party who makes an admission is bound by his statement although other parties may not be so bound).

Admissions under Rule 36 have long been considered to have a greater impact on a trial than mere sworn testimony.  Further and as noted, the clear import of any admission is that it is binding.  Otherwise, this discovery tool would lack efficacy.  As the Third Circuit has explained:

> Requests for admission of relevant facts under Rule 36 would be even less useful than interrogatories to parties under Rule 33 if they were not conclusively binding on the party making the admission... An answer to a request under Rule 36 is unlike a statement of fact by a witness made in the course of oral evidence at a trial, or in oral pre-trial depositions, or even in written answers to interrogatories. **It is on the contrary a studied response, made under sanctions against easy denials, to a request to assert the truth or falsity of a relevant fact pointed out by the request for admission....** [T]he presence of the party's oath in both instances, with its sanction of the penalty for

9

perjury, does not make an admission of a request the same in all respects as sworn testimony. **For requests for admission, although answered under the oath of a party, are normally made under the direction and supervision of counsel, who has full professional realization of their significance.** Therefore, their similarity to sworn testimony in one respect should not reduce their effect from conclusive admissions to merely evidential ones.

Airco Indus. Gases, Inc. Div. of the BOC Group, Inc. v. Teamsters Health & Welfare Pension Fund of Philadelphia &Vicinity, 850 F.2d 1028, 1036 (3d Cir. 1988)(quoting McSparran v. Hanigan, 225 F.Supp. 628, 636-37 (E.D. Pa. 1963), aff'd, 356 F.2d 983 (3d Cir.1966))(emphasis added).[1]  Similarly, in the case sub judice, Plaintiff's counsel had, in accordance with Rule 36(a), thirty days to respond to Defendant's Request for Admission.  Cornell's considered responses were that he was unable to work at any job or employment during the relevant period, and that prior to August 2004 he could not work at any employment with or without restrictions.  Notably, Plaintiff failed to petition the court to amend or withdrawal his answers, as permitted by Rule 36(b).  Instead, he now submits what appear to be contrived explanations for his unequivocal and damaging answers, or seeks to engage in discovery which we suppose is for the purpose of gathering evidence to contradict himself.  For the reasons stated above, Cornell is bound by

---

[1] Although earlier versions of Rule 36 were sworn by the admitting party, under today's Rule 36 admissions are signed by an attorney and subject to the provisions of Rule 11, which provides for sanctions in the event that an admission (or lack of admission) is knowingly untruthful.

his admissions and is therefore unable to establish a prima facie case of discrimination.

Plaintiff's arguments in support of his claim that his admissions have not destroyed his claims are unavailing. Plaintiff's first argument is that:

> The alleged admission reflects Plaintiff's belief that he was not able to work in a job with Defendant during this period because he was terminated in August 2003 and Defendant never once engaged in any interactive process with the Plaintiff in order to determine whether and/or when he could return to work

(Pl.'s Br. Opp. Def.'s Mot. Summ. J. at 7). This contention defies credulity and attempts to add a qualification to the simple answers which was not stated with the original responses. In fact, by reading the other answers rendered by Plaintiff it becomes quite clear that in a number of places Plaintiff's counsel provided detailed explanations for certain answers, which he did not do as to ¶¶ 1 and 2. We are thus confident that Plaintiff's counsel understood that they could have limited, explained, or otherwise clarified the problematic admissions. That they did not do so, in our view, speaks legions about their intentions and indicates that the answers should be read to mean what they state.

Plaintiff also requests that we permit discovery in this action to continue so that he can "determine whether additional leave was [a] reasonable accommodation." (Br. Opp. Def.'s Mot. Summ J. at 1). In support of this

11

contention, Plaintiff cites us to an unpublished 1999 decision from the Eastern District of Pennsylvania, which holds that in some circumstances a leave request for a definite period may be a reasonable accommodation. See Shannon v. City of Philadelphia, No. 98-5277, 1999 WL 1065210 (E.D.Pa. Nov. 23 1999). While we are not bound by Shannon, we will note in any event that we find the case easily distinguishable. Shannon does not discuss the ultimate issue we are concerned with in the case sub judice. As noted, the issue in Shannon was whether a definite period of leave was a reasonable accommodation. The question was relevant because the adverse employment decision involved the denial of that leave. Here, there is no question that Defendant freely accommodated Plaintiff with respect to his requested leave, and thus the only issue is not the denial of that particular accommodation but whether Plaintiff was "qualified" to work at the time of his termination. As the several cases cited by Defendant explain, an ADA analysis asks whether any "accommodation would permit the Plaintiff to perform the essential functions of his job." Thompson v. AT&T Corp., 371 F.Supp.2d 661, 677-78 (W.D. Pa. 2005)(holding that the defendant was not liable for terminating an employee unable to work when the employee suffered a nervous breakdown); see also Gaul v. Lucent Techs., 134 F.3d 576, 580-81 (3d Cir. 1998)("the determination of whether an individual ... is qualified is made at the time of the

employment decision."). As previously noted, at the time Defendant terminated Plaintiff, he was **by his own admission** unable to perform the duties of any job, with or without accommodation.[2]

Next, Plaintiff attempts to muddy this otherwise clear issue by invoking vague policy arguments that we find unconvincing. Specifically, Plaintiff states that a ruling in Defendant's favor would grant similarly situated employers the right to terminate employees at any time they were entirely unqualified to work. Whether this result was intended by Congress when drafting the ADA in 1990 is not relevant to the case at bar. Simply stated, the cases as determined by the Third Circuit uniformly require that an employee bringing a discrimination claim demonstrate that he is able to perform the duties of his job. Once it is established that he cannot do so either with or without an accommodation, our inquiry must cease. See e.g., Coleman v. Keystone Freight Corp., 2005 WL 1793507, *3 (3d Cir. July 29, 2005)("Coleman did not establish that he was a qualified individual who could perform the essential functions of his job with or without accommodation, and [therefore] this argument must fail.").

---

[2] As explained, Shannon is distinguishable and does not assist us in resolving Plaintiff's ADA claim. Likewise, because the availability of a reasonable accommodation is irrelevant under the ADEA, the leave issue Plaintiff raises in the context of Shannon cannot support that claim. See Detz 346 F.3d at 120.

Next, Plaintiff argues that he needs further discovery because "there is substantial material testimony that Mr. Cornell needs to properly respond to Defendant's summary judgment motion." (Pl.'s Sur Reply Br. at 5). In light of our previous discussion regarding the unequivocal nature of Plaintiff's admissions, it is clear to us that further discovery would be pointless. Specifically, Plaintiff requests discovery to determine if he was told by the SSA prior to August 18, 2003, the date of his termination, that he did not qualify for SSDI. However, in light of his admissions that he could not perform any job during the relevant period, what the SSA did is entirely irrelevant. If Plaintiff's counsel truly believed that discovery was necessary to determine whether Plaintiff was indeed able to work on his termination date of August 18, 2003, they should have qualified their responses to Defendant's Rule 36 requests. We again note that they did not limit the problematic admissions in any way, nor have they at any time sought permission to withdraw or amend the admissions under Rule 36(b).

Finally, Plaintiff suggests that we must deny Defendant's "premature" Motion if Plaintiff is able to "simply point to facts that if discovered will be relevant

to a determination of the summary judgment motion."³ (Pl.'s Sur-reply Br. at 6)(citing Simas v. First Citizens' Federal Credit Union, 170 F.3d 37, 46 (1st Cir. 1999)(holding that when a party files a premature motion for summary judgment, the non-movant may explain why it is at that time unable to file a full-fledged opposition to the motion). Once again, Plaintiff's argument overlooks the fact that his damaging admissions are case dispositive. Sadly for Plaintiff, who we note was suffering from a serious and life threatening illness, his admissions had the effect of "hoisting him by his own petard." Once he had eviscerated his ADA and ADEA claims by these admissions, we do not believe that any amount of subsequent discovery could have saved them.

In closing, we will note that we have struggled to find some equitable basis upon which to rescue Plaintiff's claims. However, at each turn we could not but conclude that by overlooking or excusing Plaintiff's admissions we would render the entire Rule 36 exercise pointless. Indeed, and as President John Adams wrote: "[F]acts are stubborn things, and whatever may be our wishes, our inclinations, or the dictates of our passion, they cannot alter the state of facts and evidence."

---

³ Plaintiff's reference to Defendant's Motion as premature is inaccurate. Rule 56(a) clearly permits a motion for summary judgment to be filed "at any time after the expiration of 23 days from the commencement of the action or after service of a motion for summary judgment by the adverse party..." Fed.R.Civ.P. 56(a).

Defendant's Motion will be granted in its entirety.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Rec. Doc. 11) is GRANTED.

2. Counts I, II. and III of Plaintiff's Complaint are DISMISSED with prejudice.

3. The Clerk is directed to close the file on this case.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge