IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. CORNELL, | : | No. 4:CV 05-262 |
| Plaintiff | : | Judge Jones |
| v. | : | |
| SEVERN TRENT ENVIRONMENTAL SERVICES, INC. D/B/A SEVERN TRENT PIPELINE SERVICES, | : | |
| Defendant | : | |

**ORDER**

**October 25, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant Severn Trent Environmental Services, Inc., d/b/a Severn Trent Pipeline Services' ("Defendant" or "Severn Trent") Motion for Attorneys' Fees and Costs ("the Motion") (doc. 27) against Plaintiff James W. Cornell ("Plaintiff" or "Cornell"), filed on September 7, 2005. For the following reasons, Defendant's Motion will be denied

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**:

On February 2, 2005, Plaintiff commenced this action by filing a complaint (doc. 1) with this court alleging Defendant terminated Plaintiff's employment because of his age and disablity, in violation of the Age Discrimination in

1

Employment Act (the "ADEA"), the Americans with Disabilities Act (the "ADA"), and the Pennsylvania Human Relations Act (the "PHRA").

On August 24, 2005, we granted summary judgment on Plaintiff's ADEA, ADA and PHRA claims in favor of Defendant. (Rec. Doc.26).  It was our determination, as reflected in the Order, that Plaintiff's admission during discovery that he was unable to perform *any* job from April 2003 to July 2004 was dispositive evidence that Plaintiff did not have viable ADEA, ADA or PHRA claims.

On September 7, 2005, Defendant filed the instant Motion (doc. 27) seeking attorneys' fees and costs from Plaintiff.  The Motion has been fully briefed and is therefore ripe for review.

**DISCUSSION**

    **A.**    **Award of Attorneys Fees under the ADA**

Pursuant to 42 U.S.C. § 12205 (2005), a court may, in its discretion, award attorneys' fees to the prevailing party in an ADA action.  A prevailing defendant may recover fees if it can show that the plaintiff's suit was "frivolous, unreasonable or without foundation," or if the "plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); see also Rivera v. City of Philadelphia, 1998 U.S. Dist. LEXIS 1749 at *8 (E.D. Pa. 1998). In order

to award fees a court need not find subjective bad faith on the part of the plaintiff, however such a finding provides a stronger basis for charging him with the costs incurred by the defense.  See Christianburg Garment, 434 U.S. at 422.

To establish a prima facie case of discrimination under the ADA, a plaintiff must present evidence to show that he is a "qualified individual with a disability." 42 U.S.C. § 12112(a).  To be considered  a "qualified individual," the person must be qualified to perform the essential functions of the job he holds or desires, with or without reasonable accommodations by the employer.  See 42 U.S.C. § 12111(8).

 In our Summary Judgment Order (doc. 26) we disposed of Cornell's ADA claim because Cornell could not be considered a "qualified individual" within the meaning of the ADA.  During discovery, in response to Defendant's request for admissions, Plaintiff unequivocally admitted that he was unable to work in *any* job from April 2003 through July 2004.  Moreover, Plaintiff admitted that the first time after March 2003 that he was released by his healthcare provider to return to work was in August 2004.  Pursuant to Fed. R. Civ. Pro. 36, we found Plaintiff's admissions to be dispositive evidence that Plaintiff was not a qualified individual under the scope of the ADA.

In his brief in opposition to Defendant's summary judgment motion (doc. 20), Plaintiff urges us to allow him to depart from his admissions, despite solid Third

Circuit precedent holding that parties are bound by their admissions under Rule 36. See Langer v. Monarch Life Ins. Co., 966 F. 2d 786 (3d Cir. 1992); Sowell v. Butcher & Singer, Inc., 926 F. 2d 289, 300 (3d Cir. 1991). We responded to Plaintiff's arguments in our Order (doc. 26) by outlining the import of Rule 36 admissions, as well as by highlighting the fact that Plaintiff neglected to petition the court to withdraw or amend his answers, as permitted by Rule 36(b).

It is our opinion that Plaintiff did not have had an unreasonable, meritless or frivolous ADA claim at the outset of litigation, and that Plaintiff did not continue to pursue his ADA claim after it became apparent that the claim was unreasonable, meritless and frivolous. Although Plaintiff made arguments in support of his ADA claims in his motion papers, we do not consider those arguments to be tantamount to "pursuing" his ADA claim in the face of its alleged frivolity.

Therefore, for the reasons stated above, the Defendant's Motion for Attorneys' Fees and Costs pursuant to the ADA is denied.

### B. Award of Attorneys Fees under the PHRA and the ADEA

Under the PHRA, a prevailing defendant may be awarded attorneys' fees if the court finds that plaintiff's claims were brought in bad faith. See 43 Pa. Const. Stat. § 962(c.3)(2005). Under the ADEA, a prevailing plaintiff may be awarded attorneys' fees. See 29 U.S.C. § 626(b)(2005). The ADEA does not authorize an award of

attorneys' fees to a prevailing defendant, although there is a trend in the federal courts to award attorneys' fees to a prevailing defendant based upon a finding that the plaintiff's claims were brought in bad faith.  See Hoover v. Armco Inc., 915 F. 2d 355 (8th Cir. 1990); Gray v. New England Tel. & Tel., 792 F.2d 251 (1st Cir. 1986); Morgan v. Union Metal Mfg., 757 F.2d 792 (6th Cir. 1985); Miller v. State Chem. Mfg. Co., 706 F. Supp. 1166 (M.D. Pa. 1988).

The Defendant argues that Plaintiff brought his PHRA and ADEA claims in bad faith because Plaintiff "knew when he filed his Complaint that he was not physically capable of working in *any* job at the time of his termination."  Defendant bases this argument on Plaintiff's response to the request for admissions. We, however, can not state with such certainty that Plaintiff acted in bad faith when filing his complaint. Although we reaffirm our holding that Plaintiff's admissions are case dispositive, we will not accept Defendant's invitation to find that Plaintiff acted with subjective bad faith when filing his complaint.  As Defendant's counsel is surely aware, lawsuits are capable of changing dramatically between the filing of the complaint and discovery, and we cannot find adequate facts in the record to support Defendant's contention that Plaintiff acted with subjective bad faith when filiing his PHRA and ADEA claims.

Therefore, for the reasons stated above,  Defendant's Motion for Attorneys' Fees and Costs under the PHRA and ADEA is DENIED.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendant's Motion (doc. 27) is DENIED.

**S/ John E. Jones III**
John E. Jones III
United States District Judge
